**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| WIAV NETWORKS, LLC, a<br>Virginia limited liability company, | ) ) ) | Civil Action No. 5:09-cv-101-DF |
| | ) | Before the Honorable David Folsom |
| Plaintiff, | ) | United States District Judge |
| | ) | |
| v. | ) | **DEFENDANT D-LINK** |
| | ) | **CORPORATION'S F.R.Civ.P.** |
| 3COM CORPORATION, *et al.*, | ) | **12(b)(2) MOTION TO DISMISS** |
| | ) | **FOR LACK OF PERSONAL** |
| Defendants. | ) | **JURISDICTION** |
| | ) | |
| | | **JURY TRIAL DEMANDED** |

<u>**DEFENDANT D-LINK CORPORATION'S MOTION TO DISMISS FOR LACK OF**</u>
<u>**PERSONAL JURISDICTION, BRIEF, AND DECLARATIONS OF DUNCAN**</u>
<u>**PALMATIER AND HENGHSIN LIAO IN SUPPORT THEREOF**</u>

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant D-Link Corporation moves the Court for an Order dismissing the case against it for lack of personal jurisdiction.

## I.    <u>INTRODUCTION</u>

D-Link Corporation is a corporation organized under the laws of the Republic of China, commonly referred to as "Taiwan", and has its principal place of business in Taipei, Taiwan.  D-Link Corporation did not manufacture the products accused by Plaintiff WiAV Networks, LLC ("WiAV") of infringing the patents-in-suit.  Since May 2006, D-Link Corporation has not sold any accused products to co-Defendant D-Link Systems, Inc. ("D-Link Systems"), and has shipped only sixteen items to D-Link Systems, none of which were for re-sale.  D-Link Corporation has no employees or property or other contacts with this forum.  Lacking general contacts with this forum and lacking specific contacts related to WiAV's claims, D-Link Corporation respectfully requests that the case against it be dismissed.

## II.     PROCEDURAL AND FACTUAL BACKGROUND

On July 7, 2009, Plaintiff WiAV, a patent holding company, filed its original complaint in this action, alleging infringement of two patents by almost seventy defendants.  On September 2, 2009, WiAV filed its First Amended Complaint (docket # 107), reducing the number of defendants to sixty.   In about August 2009, WiAV's attorneys asked the lawyers for co-Defendant D-Link Systems to accept service on behalf of D-Link Corporation.  D-Link Systems' lawyers declined to accept service, recommended that the claim against D-Link Corporation be dismissed, because it "does not sell products in the United States", and suggested WiAV forward a request for waiver of service, pursuant to Federal Rule of Civil Procedure 4(d)(1), for D-Link Corporation to consider.  *See* July 14, 2010 Supporting Declaration of Duncan Palmatier, ¶ 2, and Exhibit 1 thereto.  WiAV did not forward to or request from D-Link Corporation a waiver of service.  *Id.*, ¶ 3.  On December 23, 2009, WiAV petitioned the Court for Letters Rogatory for Foreign Service of Process of D-Link Corporation (docket # 312).  On June 10, 2010, D-Link Corporation sought an extension of time to respond (docket # 406), to July 14, 2010.  D-Link Corporation's application was granted on June 11, 2010.

Paragraph 2 of WiAV's First Amended Complaint alleges that "[e]ach Defendant has used and continues to use the technology claimed by the '497 Patent and the '338 Patent in systems and methods that it makes, uses, sells, and offers for sale, without Plaintiff's permission."  In paragraph 15 of its First Amended Complaint, WiAV acknowledges that D-Link Corporation is a Taiwanese corporation and that co-Defendant D-Link Systems, Inc. is a California corporation, but WiAV inexplicably blurs the distinction between these separate legal entities by thereafter referring to them, "individually and collectively", as the "D-Link Defendants".  WiAV's infringement allegations do not attempt to distinguish the alleged actions of D-Link Corporation from those of D-Link Systems.

The substance of WiAV's infringement allegations against the "D-Link Defendants" is that they infringed the two patents-in-suit by "importing, making, using, offering to sell, and/or selling products and devices which embody the patented invention, including wireless networking devices, such as the DIR, DAP, DGL, and WBR series of routers (e.g., DIR-600 Wireless 150 Router, DAP-1522 Xtreme N Duo Wireless Bridge/Access Point, DGL-4300 Wireless 108G, and WBR-2310 RangeBooster G Router)." *See* WiAV's First Amended Complaint, ¶¶ 54 and 90 (the allegations are identical for each of WiAV's two patents-in-suit).

Paragraph 41 of WiAV's First Amended Complaint is an omnibus allegation of personal jurisdiction over the sixty-eight defendants: "Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) a portion of the infringements alleged herein, including using, selling, and offering to sell products, methods, and systems that infringe the claims of the '497 Patent and '338 Patent; (ii) the presence of established distribution channels for Defendants' products in this forum; and (iii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial District."

WiAV's complaints nowhere set forth factual allegations specific to D-Link Corporation.

In fact, none of WiAV's generic allegations are correct as to D-Link Corporation.

As described in the July 13, 2010 Supporting Declaration of Henghsin Liao ("7/13/2010 Liao Declaration"), D-Link Corporation did not manufacture the accused products. *Id.*, ¶ 12. D-Link Corporation does not sell or offer to sell the accused products in the United States, because it "conducts all of its sales activities in Taiwan and exports its goods to Hong Kong only and no other foreign countries." *Id.*, ¶¶ 4 and 6. D-Link Corporation has not sold any products to D-Link Systems since May 2006, more than three years before WiAV filed its original complaint

and almost four years before WiAV's recent, attempted service of D-Link Corporation in Taiwan. *Id.*, ¶¶ 8-11. Between May 2006 and August 2008, D-Link Corporation shipped sixteen items to D-Link Systems in California, none of which were of the type accused of infringing WiAV's patents and none of which were fore re-sale. *Id.*, ¶ 9. Since August 2008, D-Link Corporation has shipped no products to D-Link Systems or to any other person or entity in Texas or the United States. *Id.*, ¶10.

Apart from the lack of any connections specific to WiAV's infringement allegations against it, D-Link Corporation has no general contacts with this forum. D-Link Corporation has neither conducted business in the state of Texas, nor contracted with a Texas resident where the contract is to be performed at least in part in Texas. *Id.*, ¶ 7. D-Link Corporation does not have regular contact with a Texas resident, nor does it have an employee or agent in Texas, nor has it recruited a Texas resident, either directly or through an intermediary in Texas, for employment inside or outside of Texas. *Id.* D-Link Corporation has no office or place of business in Texas, nor does it maintain a mailing address or telephone listing in Texas, nor does it own, rent, lease, or possess any real or personal property in Texas. *Id.* D-Link Corporation does not hold a certificate to do business in Texas, nor does it have any bank accounts in Texas, nor does it pay taxes to any government entity in Texas.

In summary, D-Link Corporation did not make, sell, offer to sell, or import into the United States the products WiAV accuses of infringing the patents-in-suit. Nor has D-Link Corporation any general contacts with this forum that would subject it to suit in this here.

## III.   LEGAL STANDARDS

Plaintiff WiAV bears the burden of proof on the issue of whether this Court has personal jurisdiction over D-Link Corporation. *Quick Technologies, Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002). In cases involving a defendant from another country, such as this suit

against D-Link Corporation, the United States Supreme Court has cautioned that "[g]reat care and reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano County*, 480 U.S. 102, 115, 107 S.Ct. 1026, 1034, 94 L.Ed.2d 92 (1987), quoting *United States v. First National City Bank*, 379 U.S. 378, 404, 85 S.Ct. 528, 542, 13 L.Ed.2d 365 (1965) (Harlan, J., dissenting); *see also Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 611 (5th Cir. 2008) (quoting from *Asahi*).

As a patent infringement case, the law of the United States Court of Appeals for the Federal Circuit applies in resolving the issue of personal jurisdiction. *Deprenyl Animal Health, Inc. v. The Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1348 (Fed. Cir. 2002). In cases arising under a federal law, such as this one, determination of personal jurisdiction is a two-step inquiry. First, absent a controlling federal statute, the defendant must be amenable to service of process, and, second, the exercise of jurisdiction must comport with due process. *Id.*, at 1349; *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). Because the Texas long-arm statute has been held to be coextensive with constitutional due process requirements, the jurisdictional analysis is compressed into the single inquiry of whether exercising jurisdiction over the nonresident defendant is consistent with the Due Process Clause of the United States Constitution. *Alpine View Co., Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214 (5th Cir. 2000). Determining whether the exercise of personal jurisdiction is consistent with due process involves a two-pronged test. First, the Court must find that a defendant has sufficient "minimum contacts" with the forum, and, second, the Court must then ensure that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The "constitutional touchstone" for asserting personal jurisdiction over a non-resident defendant is "whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). The requisite minimum contacts can be established either through contacts sufficient to assert "specific" jurisdiction or "general" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8 & n.9, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984). "Specific jurisdiction exists when the nonresident defendant has 'purposefully directed' his activities at the residents of the forum, and the litigation results from alleged injuries that 'arise from or relate to' those activities." *Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183. General jurisdiction exists when a defendant's contacts are so "continuous and systematic" that jurisdiction may be exercised even though the contacts are unrelated to the cause of action. *Helicopteros Nacionales de Colombia*, 466 U.S. at 414-15, 104 S.Ct. at 1872.

Finally, if a Court finds that a defendant purposefully established minimum contacts within the forum State, the Court may evaluate the following factors to decide whether the assertion of personal jurisdiction would comport with "fair play and substantial justice": (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Avocent Huntsville Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1331 (Fed.Cir. 2008).

## IV.   ARGUMENT

### A.   D-Link Corporation Has No Contacts With Texas
### To Support General Jurisdiction

D-Link Corporation has no general contacts with this forum. D-Link Corporation is a Taiwanese company having its place of business in Taiwan. D-Link Corporation does not

conduct business in Texas, nor has it entered into any contracts to be performed in Texas, nor does it have regular contact with a Texas resident. *See* 7/13/2010 Liao Declaration, ¶ 7. D-Link Corporation has no employee or agent in Texas, nor has it recruited a Texas resident for employment. *Id.* D-Link Corporation has no office, place of business, mailing address or telephone listing in Texas, nor does it have any property in Texas. *Id.* D-Link Corporation does not have any bank accounts in Texas, nor has it registered to do business in Texas, nor does it pay any Texas taxes. *Id.*

The complete absence of D-Link Corporation's contacts with Texas contrasts sharply with the facts of *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952), cited in support of the assertion of general jurisdiction in *Helicopteros Nacionales de Colombia*, 466 U.S. at 414-15, 104 S.Ct. at 1872. In *Perkins*, the defendant was a foreign corporation. The president of the corporation conducted company business from an office in Ohio, kept company files there, held directors' meetings there, carried on company correspondence from that office, distributed company checks drawn on Ohio bank accounts, engaged an Ohio bank as an agent, and generally supervised the company's policies from that office. *Id.* D-Link Corporation has no such contacts with Texas, if, indeed, it has any.

Owing to the absence of any contacts with this forum, there is no basis for a finding of the type of continuous and systematic and substantial contacts necessary for a finding of general jurisdiction.

**B.     D-Link Corporation Has No Contacts With Texas**

        **To Support Specific Jurisdiction**

D-Link Corporation has no contacts with this forum specific to this case. D-Link Corporation did not manufacture the accused products involved in this case. *See* 7/13/2010 Liao Declaration, ¶ 12. D-Link Corporation conducts its sales activities in Taiwan and exports goods

only to Hong Kong." *Id.*, ¶ 6.  D-Link Corporation does not sell of offer to sell the accused products in the United States.  *Id.*, ¶ 4.  With the exception of sixteen individual items which were not the types of products at issue in this case and were not, in any event, intended for re-sale, D-Link Corporation has not sold any products to co-Defendant D-Link Systems since May 2006.  *Id.*, ¶¶ 8 and 9.  Since August 2008, D-Link Corporation has shipped no products, of any kind, to D-Link Systems or to any other person or entity in Texas or the United States.  *Id.*, ¶ 10.

The lack of contacts between D-Link Corporation establishes that D-Link Corporation has neither purposefully directed its activities toward Texas, nor expressly targeted any residents of Texas, nor purposefully availed itself of the benefits and protections of Texas law, and, therefore, D-Link Corporation could not reasonably foresee being hailed into court in Texas. Consequently, D-Link Corporation does not have the necessary minimum contacts with Texas sufficient to confer specific jurisdiction.

### C.    Exercising Jurisdiction Over D-Link Corporation Would Be Unfair

Exercising jurisdiction over D-Link Corporation would offend traditional notions of fair play and substantial justice.  D-Link Corporation operates in Taiwan and has no contacts, connections, or relationship with the state of Texas.  D-Link Corporation did not manufacture the products accused of infringing WiAV's patents and D-Link Corporation has not sold products to co-Defendant D-Link Systems since May 2006, but defending a patent infringement case in this forum would impose a significant burden on D-Link Corporation.  This forum has no interest in the case against D-Link Corporation, inasmuch as D-Link Corporation has no presence in the forum, did not make the accused products, and has not sold products to D-Link Systems for more than four years.  The plaintiff's interest in convenient and effective relief is not served by exercising personal jurisdiction over D-Link Corporation, since D-Link Corporation did not make the accused products but many other companies, both domestic and foreign, including co-

Defendant D-Link Systems, have been brought into this suit.  Exercising jurisdiction over D-Link Corporation would not serve the judicial interest in efficient resolution, insofar as the case against so many defendants will proceed with more efficiency without an additional foreign defendant, especially since this defendant did not make the accused products.  Finally, there is no shared interest of several states served by exercising jurisdiction over D-Link Corporation, insofar as D-Link Corporation has no greater contacts with any other state.

## V.    CONCLUSION

For the reasons set forth herein, Defendant D-Link Corporation respectfully requests that the Court grant its motion to dismiss the case against it for lack of personal jurisdiction.


Dated: July 14, 2010            By:      */s/  Robert W. Weber*_____
                                         Robert W. Weber, *Lead Attorney*
                                         Texas Bar No. 21044800
                                         E-mail: bweber@smithweber.com
                                         C. David Glass
                                         Texas Bar No. 24036642
                                         E-mail: dglass@smithweber.com
                                         **Smith Weber, L.L.P.**
                                         5505 Plaza Drive
                                         Texarkana, TX 75503
                                         Tel: (903) 223-5656
                                         Fax: (903) 223-5652

                                         AND

                                         Duncan Palmatier (Pro Hac Vice)
                                         E-mail: dpalm@dpalmlaw.com
                                         Christine Yang (Pro Hac Vice)
                                         E-mail: cyang@sjclawpc.com
                                         **Law Offices of S.J. Christine Yang**
                                         17220 Newhope Street, Suite 101-102
                                         Fountain Valley, CA 92708
                                         Tel: (714) 641-4022
                                         Fax: (714) 641-2082

                                         **ATTORNEYS FOR DEFENDANTS,
                                         D-LINK CORPORATION AND
                                         D-LINK SYSTEMS, INC.**

9

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on July 14, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/   Robert W. Weber*
Robert W. Weber
