Andrew Choung (SBN 203192)
ECHELON LAW GROUP, PC
150 Spear Street, Suite 825
San Francisco, California 94105
Telephone: (415) 830-9463
Facsimile:  (415) 762-4191
Email:  andrew.choung@echelaw.com

K. Kevin Mun (pro hac vice)
ECHELON LAW GROUP, PC
1919 Gallows Road, Suite 330
Vienna, Virginia 22182
Telephone: (703) 496-5555
Facsimile:  (703) 579-0105
Email:  kevin.mun@echelaw.com

Attorneys for Plaintiff
WIAV NETWORKS LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WIAV NETWORKS LLC, | Case No.: 3:10-cv-03448-WHA |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | **JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FED. R. CIV. P. 26(F) AND CIV. L. R. 16-9** |
| 3COM CORPORATION *et al.*, | |
| Defendants. | |

In accordance with Federal Rule of Civil Procedure 26(f) and Civil Local Rule 16-9, Plaintiff WiAV Networks LLC ("WiAV") and Defendants Acer Inc., Acer America Corporation and Gateway, Inc. ("Acer"); Asus Computer International and Asustek Computer, Inc. ("ASUS"); Dell Inc. ("Dell"); Fujitsu America, Inc. and Fujitsu Ltd. ("Fujitsu"); General Dynamics Itronix Corporation ("Itronix"); Hewlett Packard Company ("HP"); and Panasonic Corporation and Panasonic Corporation of North America ("Panasonic") (individually, "Defendant;" collectively, "Defendants") hereby submit the following Joint Case Management Statement.  This Joint Case Management is also joined by all other remaining defendants with respect to the portions below that are specific to misjoinder.

More specifically, on August 31, 2010, this Court issued an Order to Show Cause Why The Claims In This Multi-Defendant Action Should Not Be Severed ("OSC").  That Order raised questions as to whether the forty-one remaining defendants were properly joined in this matter, and provided that "Plaintiff is therefore **ORDERED TO SHOW CAUSE** why the Court should not dismiss all but the first named defendant under FRCP 21."  OSC at 3.   In response, Plaintiff WiAV "proposed to address the Court's concerns by voluntarily dismissing without prejudice" all but the above named Defendants, referred to by WiAV as the "Laptop Defendants," and included arguments for the propriety of this more limited joinder.  Defendants' response did not agree with WiAV's proposal and included arguments for dismissal for misjoinder as provided in the Order to Show Cause.  In light of the parties' respective responses, anticipating that the Court would at least dismiss the defendants that WiAV proposed to voluntarily dismiss, these other remaining defendants were not requested to participate in the continuing Rule 26 discussions leading to this submission.[1]  Accordingly, Plaintiff WiAV and the above Defendants participated in continuing Rule 26 conferences and provide this Joint Case Management Statement.  However,

---

[1] As presented in the defendants' Response to the Order to Show Cause and discussed further below, the only issue remaining between Plaintiff WiAV and any dismissed defendant concerns what conditions, if any, the Court should impose on re-filing of any lawsuit by or against a dismissed defendant including one or both patents-in-suit, if any such suit should be re-filed.

JOINT CMC STATEMENT                                                      Case No.: C 10-03448 WHA

the above Defendants maintain that they are misjoined and should be dismissed without prejudice. The parties recognize that this Joint Case Management Statement may be subject to revision or alteration if the Court dismisses one or more of the Defendants.

## I.   Jurisdiction and Service

This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and the Patent Laws of the United States, Title 35 of the United States Code, §§ 271 and 281, *et seq.* Venue is proper in this district and the Defendants are corporations subject to personal jurisdiction in this judicial district pursuant to 28 U.S.C. §§ 1391(b)-(c).

All Defendants have been served and, with the exception of Defendant D-Link Corporation, a foreign entity, all Defendants have answered. On July 14, 2010, Defendant D-Link Corporation timely filed its Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction ("D-Link Corp's Motion") in the Eastern District of Texas. On August 31, 2010, after this case was transferred to this district, Defendant D-Link Corporation and Plaintiff WiAV filed a stipulation vacating deadlines associated with the D-Link Motion. (D.I. 479) On September 1, 2010, the Court vacated all briefing deadlines associated with the D-Link Motion and instructed D-Link Corporation to re-notice its motion on the normal 35-day briefing calendar as set forth in the civil local rules of this district. (D.I. 488) As of September 23, 2010, D-Link Corporation has not yet answered the Amended Complaint or re-noticed its motion to dismiss.[2]

At this time, the parties are awaiting the Court's decision as to the propriety of Plaintiff WiAV's limited joinder. Defendants propose as a condition of any dismissal from this suit on the basis of misjoinder, that if Plaintiff WiAV or any alleged assignee/party claiming rights under U.S. Patent No. 5,400,338 or U.S. Patent No. 6,480,497 files any other action against any

---

[2] As discussed in the text following this footnote, on September 14, 2010, Plaintiff filed its Response to the Court's Order to Show Cause, in which it proposed dismissing many of the defendants, including D-Link Corp. The Court's September 1, 2010 Order did not set a time for re-noticing D-Link Corp.'s Motion, nor did it deny it or postpone it until trial (see F.R.Civ.P. 12(a)(4)). Therefore, in the interest of avoiding unnecessary litigation, D-Link Corp. will re-notice its Motion if it is not dismissed from the case.

of the dismissed parties or any of the dismissed parties shall file any declaratory judgment action against Plaintiff WiAV or any such assignee/party involving either the 338 patent or the 497 patent, then each such action must be filed in the Northern District of California and the filing party must file a Notice of Related Case identifying this action and Administrative Motion to Consider Whether Cases Should be Related.[3]

Plaintiff WiAV opposes this condition.

## II.   <u>Facts</u>

Plaintiff WiAV brought this patent infringement lawsuit alleging that the Defendants infringe United States Patent Nos. 5,400,338 entitled "Parasitic Adoption of Coordinate-Based Addressing by Roaming Node" (the "'338 Patent") and 6,480,497 entitled "Method and Apparatus for Maximizing Data Throughput in a Packet Radio Mesh Network" (the "'497 Patent") in violation of 35 U.S.C. § 271.  The '338 and '497 Patents are directed to wireless communications technology, which Plaintiff WiAV alleges to include technology compliant with the IEEE 802.11 standards ("WiFi Standards").

Defendants deny infringing the asserted patents, willfully or otherwise, allege that the asserted patents are invalid or unenforceable, and raise additional affirmative defenses. Defendants have counterclaimed seeking declaratory judgments of noninfringement, invalidity, and unenforceability.  Plaintiff WiAV denies Defendants' counterclaims and allegations.

The principal factual issues in dispute are:

(1) whether Plaintiff WiAV has the right to sue to enforce any rights under the '338 or '497 Patents;

(2) whether Defendants have infringed and are infringing the '338 or '497 Patents;

(3) whether Defendants have actively induced and/or contributed to the infringement by others of the '338 or '497 Patents;

(4) whether any such infringement by Defendants is willful;

---

[3] In agreeing to such a filing, D-Link Corporation reserves and does not waive its objection to personal jurisdiction previously asserted and pending in this action.

JOINT CMC STATEMENT                                                    Case No.: C 10-03448 WHA

(5) whether the '338 or '497 Patents are valid and/or enforceable;

(6) determination of the amount of damages; and

(7) whether any other relief, such as a permanent injunction, is warranted for any such infringement by Defendants.

## III.   Legal Issues

Plaintiff WiAV and Defendants seek adjudication of the following legal issues:

(1) Whether Plaintiff WiAV has standing to pursue any claims of infringement regarding the '338 or '497 Patents;

(2) whether the asserted claims of the '338 or '497 Patents are infringed, directly or indirectly, either literally or under the doctrine of equivalents, by Defendants;

(3) whether Defendants' infringement is willful;

(4) whether Plaintiff WiAV is entitled to damages, including enhanced damages, pursuant to 35 U.S.C. § 284;

(5) whether Plaintiff WiAV's claims for damages are limited pursuant to 35 U.S.C. § 286 or 287

(6) whether a party is entitled to recover its reasonable attorneys fees pursuant to 35 U.S.C.§ 285;

(7) whether Plaintiff WiAV is entitled to a permanent injunction pursuant to 35 U.S.C. §283; and

(8) whether the '338 or '497 Patents are valid and enforceable.

The parties reserve the right to raise additional issues that may arise though the course of this action.

## IV.   Motions

On October 15, 2009, Defendant D-Link Systems, Inc. filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (D.I. 205; Pl.'s Opp'n D.I. 227; Def.'s Reply D.I. 237)  On December 15, 2009, the Court held that Plaintiff WiAV's complaint was adequately pled and denied the motion to dismiss.  (D.I. 303)

JOINT CMC STATEMENT                                    Case No.: C 10-03448 WHA

On February 12, 2010, Defendants filed a joint motion to transfer venue from the Eastern District of Texas to this Court.  (D.I. 350; Pl.'s Opp'n D.I. 361; Defs.' Reply D.I. 371; Defs.' Surreply D.I. 380)  On July 15, 2010, the Court granted the motion to transfer.  (D.I. 415)

Defendant D-Link Corporation has indicated that it will re-file its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

No other motions are pending.

**V.    Amendments of Pleadings**

The parties propose (30) days after this Court rules upon the propriety of joinder in this case as the deadline to freely amend the pleadings.

**VI.    Evidence Preservation**

Plaintiff WiAV and Defendants have taken steps to preserve evidence relevant to the issues reasonably evident in this action.  These steps include the suspension of normal document destruction programs, the suspension of ongoing erasure of e-mails and other electronically-recorded material, and the institution of a litigation hold for both hardcopy documents and electronic documents.

**VII.    Disclosures**

The parties conducted a conference pursuant to Fed. R. Civ. P. 26(f) starting on September 10, 2010.

Plaintiff WiAV and Defendants shall exchange initial disclosures under Fed. R. Civ. P. 26(a) within forty (40) days after this Court rules upon the propriety of joinder in this case.

The parties reserve their respective right to supplement their disclosures as discovery continues.

**VIII.    Discovery**

No discovery has been conducted to date.

Plaintiff WiAV and Defendants propose the following discovery plan:

## A.     Subjects for Discovery (Fed. R. Civ. P. 26(f)(3)(B))

The parties agree that both party and third-party discovery will be sought for at least the following subjects:  infringement and non-infringement of the patents-in-suit; validity and invalidity of the patents-in-suit, including but not limited to the conception and reduction to practice of the inventions claimed in the patents-in-suit and prior art to the patents-in-suit; unenforceability of the patents-in-suit, including but not limited to equitable defenses; damages; royalty rates; and exceptional case.

## B.     Limitations on Discovery (Fed. R. Civ. P. 26(f)(3)(E))

The parties agree to abide by the discovery limitations of the Federal Rules of Civil Procedure, with the following proposed modifications:

1.     Plaintiff WiAV may serve upon each Defendant group and each Defendant group may serve upon Plaintiff WiAV up to fifty (50) requests for admission, including parts and subparts, without leave of the Court.[4]  This excludes requests for admission directed to authentication of documents, of which the parties may serve an unlimited number.

2.     Plaintiff WiAV proposes that Plaintiff WiAV and each Defendant group may take up to one-hundred (100) hours of depositions of non-party, non-expert depositions, inclusive of depositions of any of the inventors of the patents-in-suit, without leave of the Court for good cause shown.  Defendants propose a limit of seventy-five (75) hours.  In the event that a party determines that additional depositions are necessary, the parties agree to meet and confer in good faith concerning any proposed modification of the deposition limits under this paragraph. Defendants collectively shall take no more than one (1) deposition of any such witness, provided that the witness is made available for at least two (2) consecutive days, if necessary.

3.     Plaintiff WiAV proposes that Plaintiff WiAV and each Defendant group may take up to fifty (50) hours of depositions, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), of each party and/or its employees.  Defendants propose that Plaintiff WiAV may take

---

[4] The Defendant groups comprise (1) Acer; (2) ASUS; (3) Dell; (4) Fujitsu; (5) Itronix; (6) HP; and (7) Panasonic.

JOINT CMC STATEMENT                                          Case No.: C 10-03448 WHA

up to fifty (50) hours of depositions, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), of each Defendant group and/or its employees, and each Defendant group may take up to fifty (50) hours of depositions, including depositions taken pursuant to Fed. R. Civ. P. 30(b)(6), of Plaintiff WiAV and/or its employees.  In the event that a party determines that additional depositions are necessary, the parties agree to meet and confer in good faith concerning any proposed modification of the deposition limits under this paragraph.  Plaintiff proposes, and Defendants oppose, that Defendants collectively shall take no more than one (1) deposition of any of any witness of Plaintiff WiAV (including individuals serving as 30(b)(6) witnesses), provided that the witness is made available for at least two (2) consecutive days, if necessary.  Defendants argue that, because WiAV has only a single member (see WiAV's admission in Section XIX *infra*), WiAV's proposed limitation could effectively limit Defendants to **collectively** fourteen hours total of party deposition time while granting WiAV 600 hours of time against the collective Defendants.  Plaintiff WiAV argues that Defendants' proposed limitation could unnecessarily burden its sole employee with 350 hours of repetitive depositions and subject it to repeated inquiry on the same subjects from seven different sets of attorneys.

4.    Plaintiff WiAV proposes and Defendants oppose that foreign party witnesses shall be produced for deposition in the United States at a mutually agreed upon location or in another country where the deposition may take place without any limitation or restriction significantly greater than if the deposition were to take place in the United States under similar circumstances.

5.    Absent agreement, with the exceptions noted above and in this paragraph, no deposition of a fact witness under Fed. R. Civ. P. 30(b)(1) shall exceed seven (7) hours.  For depositions that require foreign language interpretation, the maximum deposition time shall be ten (10) hours.  In the event that a party determines that a deposition other than a 30(b)(1) deposition requires more than seven (7) hours or ten (10) hours in the case of depositions requiring foreign language interpretation, the parties agree to meet and confer in good faith concerning any proposed modification of the time limit under this paragraph.

6.      The parties agree to identify all corporate representatives designated to testify on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6) at least seven (7) business days prior to their scheduled deposition.  If an individual testifying as a corporate representative has also been timely served with a notice of a personal deposition, then both depositions shall take place at the same time.

7.      With respect to non-party subpoenas, the parties agree that a party receiving responses, objections, and/or documents from a non-party pursuant to a subpoena shall promptly notify all other parties.  A party receiving information or documents from a non-party pursuant to a subpoena shall promptly provide a copy of the non-party responses, objections, and/or documents to each other party, with the costs of such production to be borne by such each other party.   The party receiving information or documents from a non-party pursuant to a subpoena shall provide such copies within five (5) business days of receiving such information or documents; however, where the size or scope of the copies to be distributed makes doing so impracticable, the parties agree to meet and confer in good faith concerning the earliest time for providing such copies.

8.      Plaintiff WiAV proposes that, with respect to an *accused functionality*, Defendants shall produce all relevant, responsive documents and source code/firmware in their possession, custody, or control.  Plaintiff contends that its proposal will avoid unnecessary and foreseeable discovery disputes and streamline discovery, as this subsection is limited to materials that would be highly relevant and necessary to the issue of infringement and are in Defendants' possession, custody, and control.  Defendants do not agree to Plaintiff's attempt to shift the burden to obtain third-party discovery.  In particular, Defendants have not received Plaintiff's infringement contentions, and Plaintiff's Amended Complaint does not provide enough detail regarding Plaintiff's infringement allegations for Defendants to determine what, if any, source code/firmware will be relevant to this case.  To the extent that any source code/firmware and documents related thereto is licensed by Defendants from a third party, it is likely that there will be significant issues surrounding Defendants' ability to access, produce, or authenticate such

JOINT CMC STATEMENT                                                Case No.: C 10-03448 WHA

source code/firmware and documents.  Defendants believe that further investigation, discovery and negotiation is necessary before the parties can determine what, if any, source code/firmware must or can be produced and how such source code/firmware will be produced, and that such provisions are more properly presented in the parties' ESI agreement and protective order.  Furthermore, Defendants believe that the Federal Rules, the Local Rules, and this Court's standing orders already adequately address Defendants' discovery obligations regarding the production of documents (other than the particular ESI-specific aspects of ESI documents that are to be addressed in the parties' ESI agreement).  Therefore, Defendants do not presently agree to this condition.

9.      The parties agree to accept service of discovery requests and responses to discovery requests by e-mail.  Service by e-mail will be treated as service by hand delivery.  For responses to discovery requests and other documents exchanged, but not filed with the Court, service on a party shall be made by 7:00 p.m. Pacific Time.

10.     The parties agree that drafts of expert reports, both partial and complete, and notes and other evidence of communications with experts and their intermediaries shall not be produced.

11.     The parties agree that a stipulated protective order will be required and shall submit a proposed order by within forty-five (45) days after this Court rules upon the propriety of joinder in this case.

12.     The parties agree that an agreement regarding electronically stored information ("ESI") will be required and shall submit an agreement regarding the scope and timing of ESI discovery within forty-five (45) days after this Court rules upon the propriety of joinder in this case.

13.     In the event that a party determines that any modifications to paragraphs 1-12 of this section are necessary, the parties agree to meet and confer in good faith concerning any proposed modification.

**IX.**    **Class Actions**

This is not a class action.

**X.**    **Related Cases**

The parties are not aware of any other related cases pending for another judge of this Court or before another court or administrative.

**XI.**    **Relief**

Plaintiff WiAV seeks a judgment that:

(1) Defendants directly and/or indirectly infringe the '338 and/or '497 Patent;

(2) Defendants' infringement has been willful and deliberate;

(3) Awards Plaintiff WiAV compensatory damages as a result of Defendants' infringement, together with interest and costs, and in no event less than a reasonable royalty;

(4) Awards Plaintiff WiAV treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of each Defendants' willful and deliberate infringement;

(5) This case is exceptional as to each Defendant and Plaintiff WiAV is awarded its expenses, costs, and attorneys fees under 35 U.S.C. § 285;

(6) Defendants are permanently enjoined from further acts of infringement pursuant to 35 U.S.C. § 283;

(7) Denies any and all relief sought in Defendants' Counterclaims and dismisses Defendants' Counterclaims with prejudice; and

(8) Grants Plaintiff WiAV such other and further relief as the Court deems just and proper.

The amount of compensatory damages will be the subject of expert evaluation and testimony, based upon discovery from Defendants.  However, Plaintiff WiAV contends that it is entitled to, at a minimum, a reasonable royalty based upon Defendants' infringement.

Defendants seek a judgment that:

(1) Plaintiff recover nothing and its Complaint be dismissed with prejudice;

JOINT CMC STATEMENT                                                                 Case No.: C 10-03448 WHA

(2) The Court deny any injunctive relief in favor of Plaintiff and against Defendants;

(3) The Court declare that the Defendants have not and do not directly infringe, induce infringement or contribute to the infringement of any valid enforceable claim of '338 or '497 Patents;

(4) The Court declare and order that the asserted claims of the '338 and '497 Patents are invalid;

(5) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award Defendants their reasonable attorneys' fees in this action;

(6) All costs be taxed against Plaintiff; and

(7) Defendants be granted such other and further relief as the Court deems just and proper.

**XII.   Settlement and ADR**

In the August 6, 2010 Order Setting Initial Case Management Conference and ADR Deadlines, this action was assigned to the ADR Multi-Option Program governed by ADR Local Rule 3.  All ADR deadlines were vacated pursuant to the Reassignment Order.  (D.I. 470)  No new ADR deadlines have been set.

**XIII.   Consent to Magistrate Judge For All Purposes**

On August 24, 2010, Plaintiff WiAV filed its Consent to a Magistrate Judge's Jurisdiction.  (D.I. 452)  On August 26, 2010, Defendants filed their Declination to Proceed Before a Magistrate Judge. (D.I. 465)

**XIV.   Other References**

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**XV.   Narrowing of Issues**

The parties have not yet identified or agreed upon any narrowing of issues.

**XVI.   Expedited Schedule**

The parties have not yet identified or agreed upon any expedited schedule.

12

## XVII.  Scheduling

Plaintiff WiAV and Defendants propose the following schedule with their respective proposed dates:

| Event | Plaintiff WiAV Proposed Dates | Defendant Proposed Dates |
|---|---|---|
| Case Management Conference | September 30, 2010 | AGREED |
| Disclosure of Asserted Claims and Infringement Contentions and accompanying document production [Pat. L.R. 3.1-3.2] | AGREED | October 31, 2010 |
| Invalidity Contentions and accompanying document production [Pat. L.R. 3.3-3.4] | December 15, 2010 | December 29, 2010 |
| Exchange of Proposed Terms and Claim Elements for Construction [Pat. L.R. 4.1.] | January 6, 2010 | January 19, 2011 |
| Simultaneous Exchange of Preliminary Claim Constructions and Preliminary Identifications of Extrinsic Evidence [Pat. L.R. 4.2.] | January 27, 2011 | February 11, 2011 |
| Filing of Joint Claim Construction and Prehearing Statement [Pat. L.R. 4.3] | February 22, 2011 | March 1, 2011 |
| Completion of Claim Construction Discovery [Pat. L.R. 4.4] | March 22, 2011 | April 1, 2011 |
| Opening Claim Construction Brief [Pat. L.R. 4.5.a.] | April 6, 2011 | April 15, 2011 |
| Responsive Claim Construction Brief [Pat. L.R. 4.5.b] | April 20, 2011 | May 13, 2011 |
| Reply Claim Construction Brief [Pat. L.R. 4.5.c] | April 27, 2011 | May 27, 2011 |
| Technology Tutorial | May 4, 2011, Subject to the Court's Availability | June 7, 2011 Subject to the Court's Availability. |
| Claim Construction Hearing [Pat. L.R. 4.6] | May 18, 2011, Subject to the Court's Availability | June 28, 2011 Subject to the Court's Availability |
| Disclosure of Advice of Counsel [Pat. L.R. 3.7] | 50 days after issuance of Claim Construction Order | AGREED |
| Close of Fact Discovery | 120 days after issuance of Claim Construction Order | AGREED |
| Designation of Expert Witnesses and Exchange of | 150 days after | AGREED |

JOINT CMC STATEMENT                                              Case No.: C 10-03448 WHA

| Initial Expert Reports for which party bears burden | issuance of Claim Construction Order | |
|---|---|---|
| Designation of Rebuttal Experts and exchange of Rebuttal Expert Reports | 171 days after issuance of Claim Construction Order | AGREED |
| Close of Expert Discovery | 192 days after issuance of Claim Construction Order | AGREED |
| Deadline to File Dispositive Motions and any motion to limit or exclude Expert Testimony | 225 days after issuance of Claim Construction Order | AGREED |
| Pretrial Conference | Spring 2012 Subject to the Court's Availability | June 2012 Subject to the Court's Availability |
| Trial | Spring 2012 Subject to the Court's Availability | June 2012 Subject to the Court's Availability |

JOINT CMC STATEMENT                                            Case No.: C 10-03448 WHA

**XVIII. <u>Trial</u>**

The parties have requested that this case be tried to a jury.

Plaintiff WiAV currently anticipates that it can present its case in chief in 5-7 days.

Defendants believe they will take 3 days to present issues common to all Defendants and another 7 days (1 day per Defendant group) to present issues unique to each Defendant. Additional time may be needed by WiAV for rebuttal.  As a result, Defendants believe they will need 3-4 weeks for trial if multiple parties are joined.

**XIX. <u>Disclosure of Non-Party Interested Entities or Persons</u>**

Plaintiff WiAV filed its Certification of Interested Entities or Persons pursuant to Federal Rule of Civil Procedure 7.1 and Civil L.R. 3-16 on September 3, 2010.  (D.I. 514)  Dr. Choongsoo Park is the only member of WiAV Networks LLC.  No persons, firms, partnerships, corporations other than the members of WiAV Networks LLC have either a financial interest in the subject matter in controversy or in a party to the proceeding or any other kind of interest that could be substantially affected by the outcome of the proceeding.

Defendants have filed their respective Statements:  Acer (D.I. 290, 291) December 3, 2009; Asus (D.I. 198) October 15, 2009; Dell (D.I. 179) October 15, 2009; Fujitsu (D.I. 186) October 15, 2009; Itronix (D.I. 194) October 15, 2009; HP (D.I. 175 ) October 15, 2009; and Panasonic (D.I. 288, 289) December 3, 2009.

**XX. <u>Such Other Matters as may Facilitate the Just, Speedy and Inexpensive Disposition of this Matter</u>**

The parties have not yet identified or agreed upon any other matter that may further facilitate the disposition of this case.

JOINT CMC STATEMENT                                    Case No.: C 10-03448 WHA

DATED:  September 23, 2010

Respectfully submitted,

WIAV NETWORKS LLC

By:   s/Andrew Choung
Andrew Choung
ECHELON LAW GROUP, PC

*Attorneys for Plaintiff Wiav Networks LLC*

By Stacey G. White
Michael J. Newton
California Bar No. 156225
mike.newton@alston.com
Jason W. Cook  *(Pro Hac Vice)*
Texas Bar No. 24028537
jason.cook@alston.com
Stacey G. White *(Pro Hac Vice)*
Texas Bar No. 24053220
Stacey.White@alston.com
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
Tel: 214.922.3400
Fax: 214.922.3899

ATTORNEYS FOR DEFENDANT DELL
INC.

  /s/     Kurt Pankratz
Barton E. Showalter (pro hac vice)
bart.showalter@bakerbotts.com
Kurt M. Pankratz (pro hac vice)
kurt.pankratz@bakerbotts.com
David O. Taylor (pro hac vice)
david.taylor@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas,  Texas  75201-2980
Telephone:      214-953-6500
Facsimile:      214-953-6503

ATTORNEYS FOR DEFENDANT
FUJITSU LTD. AND FUJITSU AMERICA,
INC.

16

By Kenneth K. Lee
Kenneth K. Lee (Bar No. 264296)
JENNER & BLOCK LLP
633 West 5th Street, Suite 3500
Los Angeles, CA 90071
(213) 239-5152 (phone)
(213) 239-5162 (fax)
klee@jenner.com

Bradford P. Lyerla
Steven R. Trybus
Kristopher R. Kiel
Jamie B. Keating
JENNER & BLOCK LLP
353 N. Clark St
Chicago, IL 60654-3456
Tel: (312) 222-9350

ATTORNEYS FOR GENERAL DYNAMICS
ITRONIX CORP.

*/s/ Raoul D. Kennedy*
DAVID W. HANSEN (Bar No. 196958)
david.hansen@skadden.com
DANIEL A. DEVITO (*pro hac vice*
application to be filed)
daniel.devito@skadden.com
MICHAEL D. SAUNDERS (Bar No. 259692)
michael.saunders@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone:     (650) 470-4500
Facsimile:     (650) 470-4570

RAOUL D. KENNEDY (Bar No. 40892)
raoul.kennedy@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone:     (415) 984-6400
Facsimile:     (415) 984-2698

ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY

By  Karen Boyd
Karen I. Boyd (State Bar No. 189808)
boyd@turnerboyd.com
Joshua M. Masur (State Bar No. 203510)
masur@turnerboyd.com
TURNER BOYD LLP
2625 Middlefield Road #675
Palo Alto, California 94306
Telephone:  (650) 924-1475
Facsimile:  (650) 472-8028

ATTORNEYS FOR ASUSTek and ASUS
COMPUTER

By Joseph Casino
Martin R. Glick (No. 40187)
HOWARD RICE NEMEROVSKI CANADY
FALK & RABKIN, P.C.
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Tel: (415) 434-1600
Fax: (415) 217-5910
mglick@howardrice.com

Daniel Ebenstein (*pro hac vice*)
Abraham Kasdan (*pro hac vice*)
Joseph Casino (*pro hac vice*)
David A. Boag (*pro hac vice*)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 336-8000
Fax: (212) 336-8001

ATTORNEYS FOR PANASONIC
CORPORATION AND PANASONIC
CORPORATION OF NORTH AMERICA

17

By <u>Kai Tseng</u>
Kai Tseng (State Bar No. 193756)
ktseng@orrick.com
Michael C. Ting (State Bar No. 247610)
mting@orrick.com
Orrick, Herrington and Sutcliffe
1000 Marsh Road
Menlo Park, CA 94025
Telephone: (650)-614-7400
Facsimile (650)-614-7401

ATTORNEYS FOR ACER AND GATEWAY

JOINT CMC STATEMENT                                    Case No.: C 10-03448 WHA

**With respect to the portions of the Joint Case Management Conference statement concerning misjoinder only:**

By Eric Huang

Kevin P.B. Johnson (CA Bar No. 177129)
kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000
Fax: (650) 801-5100

Eric Huang (admitted pro hac vice)
erichuang@quinnemanuel.com
Alexander Rudis (admitted pro hac vice)
alexanderrudis@quinnemanuel.com
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue
New York, NY 10010
Tel: (212) 849-7000
Fax: (212) 849-7100

ATTORNEYS FOR DEFENDANTS SONY
ERICSSON MOBILE COMMUNICATIONS
AB & SONY ERICSSON MOBILE
COMMUNICATIONS (USA) INC.

By Robert Haslam

ROBERT T. HASLAM (Bar No. 71134)
(rhaslam@cov.com)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065-1418
Telephone:    (650) 632-4700
Facsimile:     (650) 632-4800

MICHAEL M. MARKMAN (Bar No. 191388)
(mmarkman@cov.com)
COVINGTON & BURLING LLP
One Front Street
San Francisco, CA 94111-5356
Telephone:    (415) 591-6000
Facsimile:     (415) 591-6091

DAVID A. GARR (*pro hac vice*)
(dgarr@cov.com)
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue NW
Washington, DC 20004-2401
Telephone:    (202) 662-6000
Facsimile:     (202) 662-6291

ATTORNEYS FOR PALM, INC.

JOINT CMC STATEMENT

Case No.: C 10-03448 WHA

By Holly Hogan
MICHAEL J. BETTINGER (SBN 122196)
TIMOTHY PAAR WALKER (SBN 105001)
HOLLY HOGAN (SBN 238714)
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111-5994
Telephone: 415.882.8200
Facsimile: 415.882.8220
mike.bettinger@klgates.com
timothy.walker@klgates.com
holly.hogan@klgates.com

ATTORNEYS FOR NOVATEL WIRELESS,
INC. AND NOVATEL WIRELESS
SOLUTIONS, INC.

By: _/s/ Matthew J. Brigham_____
Matthew J. Brigham

COOLEY LLP
Thomas J. Friel, Jr.
Timothy S. Teter
Matthew J. Brigham
Erica C. Tierney
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
(650) 843-5000 (Telephone)
(650) 857-0663 (Facsimile)
frielтj@cooley.com
teterts@cooley.com
brighammj@cooley.com
etierney@cooley.com

NIXON & VANDERHYE, P.C.
Robert W. Faris (pro hac vice)
John Lastova (pro hac vice)
901 North Glebe Road
11th Floor
Arlington, Virginia 22203
(703) 816-4000 (Telephone)
(703) 816-4100 (Facsimile)
rwf@nixonvan.com
jrl@nixonvan.com

Attorneys for Defendants
NINTENDO CO., LTD. and
NINTENDO OF AMERICA INC.

20

By <u>Alison Tucher</u>
ALISON M. TUCHER (SBN 171363)
atucher@mofo.com
MARGARET MAYO (SBN 259685)
mmayo@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105
Telephone:  (415) 268-7000
Facsimile:  (415) 268-7522

ATTORNEYS FOR DEFENDANT
UTSTARCOM, INC.

By <u>Eric Lamison</u>
Eric R. Lamison (Bar No. 178262)
Ryan J. Casamiquela (Bar No. 228559)
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1400
Facsimile:  (415) 439-1500
eric.lamison@kirkland.com
ryan.casamiquela@kirkland.com

ATTORNEYS FOR CISCO SYSTEMS, INC.

By:  /s/ Marc Cohen
Marc Cohen (CA Bar No. 168773)
marc.cohen@kirkland.com
**Kirkland & Ellis** LLP
950 Page Mill Road
P.O. Box 51827
Palo Alto, CA 94304
Telephone: (650) 859-7000
Facsimile: (650) 859-7500

William E. Devitt, P.C. *(pro hac vice)*
william.devitt@kirkland.com
Matthew J. Hertko *(pro hac vice)*
matthew.hertko@kirkland.com
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 8862-2200

ATTORNEYS FOR DEFENDANTS EPSON
AMERICA, INC.
AND SEIKO EPSON CORPORATION

By <u>Warren Heit</u>
Warren S. Heit (Bar No. 164658)
wheit@whitecase.com
Thomas C. Flynn (Bar No. 257945)
tflynn@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
5 Palo Alto Square, 9th Floor
Palo Alto, CA 94022
Tel: 650-213-0300
Fax: 650-213-8158

ATTORNEYS FOR CANON INC., CANON
U.S.A., INC. AND LEXMARK
INTERNATIONAL, INC.

JOINT CMC STATEMENT

Case No.: C 10-03448 WHA

By <u>Maya Eckstein</u>

Maya M. Eckstein
meckstein@hunton.com
HUNTON & WILLIAMS LLP
Riverfront Plaza, East Tower
951 East Byrd Street
Richmond, VA 23219-4074
Telephone:  (804) 788-8788
Facsimile:  (804) 343-4630

Susan Shin
sshin@hunton.com
HUNTON & WILLIAMS LLP
575 Market Street Suite 3700
San Francisco, CA 94105
Telephone:  (415) 975-3705
Facsimile:  (415) 975-3781

ATTORNEYS FOR DEFENDANTS OPTION
NV AND OPTION WIRELESS USA, INC.


By <u>John Fry</u>
John P. Fry (pro hac vice to be submitted)
Email: jfry@mmmlaw.com
MORRIS, MANNING & MARTIN, LLP
3343 Peachtree Road, NE, Suite 1600
Atlanta, Georgia 30326
Telephone: (404) 233-7000
Fax: (404) 365-9532

ATTORNEYS FOR ZTE CORPORATION
AND ZTE USA, INC.

By <u>David Enzminger</u>
DAVID ENZMINGER (S.B. #137065)
denzminger@omm.com
RYAN K. YAGURA (S.B.# 197619)
ryagura@omm.com
VISION L. WINTER (S.B.# 234172)
vwinter@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Tel: (213) 430-6000
Fax: (213) 430-6407

EDGAR H. MARTINEZ (S.B.# 255503)
emartinez@omm.com
O'Melveny & Myers LLP
610 Newport Center Drive, 17th Floor
Newport Beach, CA  92660-6429
Tel: (949) 760-9600
Fax: (949) 823-6994

ATTORNEYS FOR DEFENDANTS BELKIN
INTERNATIONAL, INC. AND BELKIN,
INC.
By <u>James DiBoise</u>
James A. DiBoise (SBN 83296)
jdiboise@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
One Market Street
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone:  (415) 947-2000
Facsimile:  (415) 947-2099
Email: jbiboise@wsgr.com

Ryan R. Smith (SBN 229323)
rsmith@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100
Email: rsmith@wsgr.com

ATTORNEYS FOR NETGEAR

JOINT CMC STATEMENT                                          Case No.: C 10-03448 WHA

By: <u>Robin Davis</u>

Howard Caro
Bar No. 202082
4 Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Tel: (415) 374-2300
Fax: (415) 374-2499
howard.caro@hoganlovells.com

Eric J. Lobenfeld (*pro hac vice*)
Ira J. Schaefer (*pro hac vice*)
Theodore J. Mlynar (*pro hac vice*)
John J. Esmay (*pro hac vice* )
Robin M. Davis (*pro hac vice*)
Brian G. Strand (*pro hac vice*)
875 Third Avenue
New York, New York  10022
 Tel: (212) 918-3000
 Fax: (212) 918-3100

ATTORNEYS FOR MOTOROLA, INC.

By: <u>Duncan Palmatier</u>

Duncan Palmatier (CSB # 116692)
    dpalm@dpalmlaw.com
S.J. Christine Yang (CSB # 102048)
    cyang@sjclawpc.com
The Law Offices of S.J. Christine Yang
17220 Newhope Street, Suites 101 & 102
Fountain Valley, California 92708
Tel: (714) 641-4022
Fax: (714) 641-2082

LAWYERS FOR DEFENDANTS, D-LINK
SYSTEMS, INC. AND D-LINK CORP.

JOINT CMC STATEMENT

Case No.: C 10-03448 WHA

By <u>Chris Ogden</u>
Robert E. Krebs (SBN 057526)
rekrebs@nixonpeabody.com
Christopher L. Ogden (SBN 235517)
cogden@nixonpeabody.com
Jennifer Hayes (SBN 241533)
jenhayes@nixonpeabody.com
NIXON PEABODY LLP
2 Palo Alto Square
3000 El Camino Real, Suite 500
Palo Alto, California 94306
Telephone: (650) 320-7700
Fax:  (650) 320-7701

Ronald F. Lopez (SBN 111756)
rflopez@nixonpeabody.com
Sushila Chanana (SBN 254100)
schanana@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax:  (415) 984-8300

*Attorneys for Defendants*
SIERRA WIRELESS, INC., and
SIERRA WIRELESS AMERICA, INC.

By <u>Stacey G. White</u>
Michael J. Newton
California Bar No. 156225
mike.newton@alston.com
Jason W. Cook  *(Pro Hac Vice)*
Texas Bar No. 24028537
jason.cook@alston.com
Stacey G. White *(Pro Hac Vice)*
Texas Bar No. 24053220
Stacey.White@alston.com
ALSTON & BIRD LLP
2200 Ross Avenue, Suite 3601
Dallas, TX 75201
Tel: 214.922.3400
Fax: 214.922.3899

ATTORNEYS FOR NOKIA INC., AND
NOKIA CORP.

JOINT CMC STATEMENT                                    Case No.: C 10-03448 WHA

*/s/ Raoul D. Kennedy*

DAVID W. HANSEN (Bar No. 196958)
david.hansen@skadden.com
DANIEL A. DEVITO (*pro hac vice*
application to be filed)
daniel.devito@skadden.com
MICHAEL D. SAUNDERS (Bar No. 259692)
michael.saunders@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
525 University Avenue, Suite 1100
Palo Alto, California 94301
Telephone:      (650) 470-4500
Facsimile:      (650) 470-4570

RAOUL D. KENNEDY (Bar No. 40892)
raoul.kennedy@skadden.com
SKADDEN, ARPS, SLATE, MEAGHER &
FLOM LLP
Four Embarcadero Center, Suite 3800
San Francisco, California 94111
Telephone:      (415) 984-6400
Facsimile:      (415) 984-2698

Attorneys for Defendant 3COM
CORPORATION

**FILER'S ATTESTATION: PURSUANT TO GENERAL ORDER NO. 45**

Pursuant to General Order no. 45, Section X(B) regarding signatures, Andrew Choung hereby

attests that concurrence in the filing of this document has been obtained.

JOINT CMC STATEMENT                                      Case No.: C 10-03448 WHA