United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WIAV NETWORKS, LLC,

    Plaintiff,

  v.

3COM CORPORATION, *et al.*,

    Defendants.

No. C 10-03448 WHA

**ORDER DISMISSING ALL REMAINING DEFENDANTS EXCEPT HEWLETT-PACKARD COMPANY FOR MISJOINDER UNDER FRCP 21**

Plaintiff WiAV Networks, LLC was ordered to show cause why all but the first named defendant in this sprawling patent-infringement action against *68* different companies should not be dismissed for misjoinder under FRCP 21 (Dkt. No. 486). As noted in that order, plaintiff filed this action in the United States District Court for the Eastern District of Texas. The complaint named well over five dozen corporate defendants across the United States, Canada, Japan, China, Taiwan, Belgium, Finland, and Sweden, accusing each of willfully and deliberately infringing two United States Patents (Dkt. No. 1). The action was eventually transferred here and was assigned to the undersigned judge on August 30.

Of the 68 corporate defendants originally named in this action, plaintiff has already dismissed 28 of them (either voluntarily or pursuant to stipulation).[1] Of the 40 that remain, the vast majority — as the order to show cause observed — are wholly unrelated companies with

---

[1] Among these 28 dismissed defendants is the first-named defendant, 3Com Corporation, which was dismissed pursuant to stipulation on September 28 due to its merger with defendant Hewlett-Packard Company. Plaintiff has requested that Hewlett-Packard Company be retained as a defendant if misjoinder is declared.

wholly unrelated products. Significantly, neither the original defendants nor the remaining defendants were alleged to have acted in concert to infringe any of plaintiff's asserted patents. Indeed, many of the remaining defendants are direct competitors of each other. They share no common transaction or occurrence.

Perhaps recognizing these weaknesses in its position, in its response to the August 31 order to show cause, plaintiff proposed to voluntarily dismiss without prejudice all but twelve remaining defendants. These twelve defendants, organized by plaintiff into seven "groups" of related entities, stand accused of infringement based on their portable computing products (Dkt. No. 541 at 2). These defendants, deemed the "Laptop Defendants" by plaintiff, are (1) Acer Inc., Acer America Corporation, and Gateway, Inc.; (2) Asus Computer International and Asustek Computer, Inc.; (3) Dell Inc.; (4) Fujitsu America, Inc. and Fujitsu Ltd.; (5) General Dynamics Itronix Corporation; (6) Hewlett-Packard Company; and (7) Panasonic Corporation and Panasonic Corporation of North America. Plaintiff contends that keeping these "Laptop Defendants" in this action is proper because the claims against them are "logically connected" such that joinder would preserve supposed efficiencies and benefits.

As set forth in FRCP 20(a)(2), multiple defendants may be joined together in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." In situations of misjoinder and nonjoinder of parties, FRCP 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party."

"The Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." *Bravado Int'l Group Merchandising Servs. v. Cha*, 2010 WL 2650432, at *4 (C.D. Cal. June 30, 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)). Typically, this means that a party "must assert rights . . . that arise from *related activities* — a transaction or an occurrence or a series thereof." *Ibid*. (citation omitted). As stated, plaintiff has not alleged that

2

the named defendants in this action have engaged in related activities or have otherwise acted in concert.

As such, even if this litigation were pared down to just the "Laptop Defendants," proof of infringement would necessarily require proof of facts specific to each individual defendant and to each accused product. The mere fact that twelve defendants all manufacture, sell, or distribute their own laptop computers does nothing to obviate the bone-crushing burden of individualized methods of proof unique to each product. Again, there is no conspiracy claim. There is no claim that any defendant induced another to infringe. Each defendant has simply been thrown into a mass pit with others to suit plaintiff's convenience.

In this connection, the accused defendants — who will surely have competing interests and strategies — are also entitled to present individualized assaults on questions of non-infringement, invalidity, and claim construction. *Cf. Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1326 (Fed. Cir. 2008) ("[W]e have explicitly held that a determination of patent infringement in an infringement suit, or even an explicit determination of patent validity, does not preclude the assertion of an invalidity defense in a second action involving different products."); *Texas Instruments, Inc. v. Linear Techs. Corp.*, 182 F. Supp. 2d 580, 586 (E.D. Tex. 2002) (recognizing that "defendants in a later proceeding involving previously construed patents should have the opportunity to brief and argue the issue of claim construction, notwithstanding any policy in favor of judicial uniformity").

Plaintiff's best argument that the "Laptop Defendants" are "logically connected" is that each of these defendants sells products that implement the IEEE 802.11 wireless protocol. The United States Court of Appeals for the Federal Circuit recently weighed in on theories of "infringement by compliance with an industry standard" in *Fujitsu Ltd. v. Netgear*, ---- F.3d ----, ----, 2010 WL 3619797, at *4 (Fed. Cir. Sept. 20, 2010). In *Fujitsu*, the Federal Circuit recognized that mere compliance with an industry protocol does not necessarily establish that all compliant devices implement the protocol in the same way. Different accused devices may achieve compliance with an industry standard or protocol through varying designs, with different tolerances, and with competing features. Additionally, the *Fujitsu* decision observed that an

3

asserted patent claim — properly construed — might not cover all implementations of an industry standard. In such situations, the Federal Circuit emphasized that infringement would *have* to be proven on a product-by-product basis.

In the instant case, defendants are unrelated and compete with each other through their accused products. Even if each of the accused devices is compliant with the IEEE 802.11 wireless protocol, it is far from a foregone conclusion that the asserted claims in WiAV's patents will cover *all* implementations of the protocol. WiAV makes no such assertion. Indeed, at the case management conference, counsel for WiAV acknowledged that even among the "Laptop Defendants," there would be "slight differences in hardware and software components" involved. Additionally, the patents themselves make no mention of the 802.11 wireless protocol, the complaint is silent on the 802.11 wireless protocol, and no showing has been made that practicing the asserted patents is essential to complying with the protocol in all instances. As emphasized by the Federal Circuit in *Fujitsu*, only in situations where a properly construed patent covers *all required elements* of an industry standard will it be enough to prove infringement by showing compliance with the standard. *See Fujitsu*, 2010 WL 3619797, at *4. This has not been established here. Plaintiff must prove that each accused product infringes, and each such endeavor will be worthy of its own trial.

All in all, plaintiff cannot escape the fact that it is suing unrelated and competing defendants for their own independent acts of patent infringement. In such situations, numerous courts have found that "joinder is often improper where [multiple] competing businesses have allegedly infringed the same patent by selling different products." *Spread Spectrum Screening, LLC v. Eastman Kodak Co.*, 2010 WL 3516106, at *2 (N.D. Ill. Sept. 1, 2010); *see also Philips Elecs. N. Am. Corp. v. Contec Corp.*, 220 F.R.D. 415, 417 (D. Del. 2004) ("Allegations of infringement against two unrelated parties based on different acts do not arise from the same transaction."); *Androphy v. Smith & Nephew, Inc.*, 31 F. Supp. 2d 620, 623 (N.D. Ill. 1998) (holding that the joinder of three manufacturers in a patent infringement suit was improper because the claims did not arise from a common transaction or occurrence when the manufacturers were separate companies that independently designed, manufactured, and sold

4

different products); *New Jersey Mach. Inc. v. Alford Indus., Inc.*, 1991 WL 340196, at *2 (D.N.J. Oct. 7, 1991) (holding in a patent infringement suit that "claims of infringement against unrelated defendants, involving different machines, should be tried separately against each defendant").

None of the decisions cited by plaintiff compels a different conclusion. Indeed, each decision cited by plaintiff avoids the question of how the infringing conduct of different defendants with different products, *acting separately*, can involve or arise out of "the same transaction, occurrence, or series of transactions or occurrences[,]" which FRCP 20(a)(2) states is a precondition for the permissive joinder of defendants.

The answer — as explained herein — is that they do not. The infringement issues will vary from product to product as they will invariably contain different components, from different manufacturers, with different specifications, that work in different ways.[2] Additionally, the damages issues, wilfulness issues, time frames and accused conduct, and discovery issues will obviously vary from company to company. Finally, while a defense of inequitable conduct will no doubt arise as a common defense for most if not all defendants, FRCP 20(a)(2)(A) does not encompass defenses asserted against a plaintiff. Rather, only a "right to relief" asserted *by the plaintiff* can satisfy the requirements for joining defendants under FRCP 20(a)(2)(A).

Of course, it is possible that the same patent claim (of the 34 in the patents in suit) may eventually be asserted against two or more defendants. In that instance, *some* claim construction issues will overlap. That said, while it would be nice to have an identical set of elaborations on the asserted claims for each accused product, even that is not practical, for the differences in the products themselves will provoke differences in which words and slants in the claim language really matter. These differences will lead a defendant in one case to focus entirely upon the meaning of certain words or phrases in a claim and a defendant in another case to focus entirely on different words or phrases even though they are in the same claim. In other words, the claim-

---

[2] There is no allegation in the complaint that all "Laptop Defendants" and accused products share identical wireless chipsets or components from a central manufacturer. At best, plaintiffs argue in their brief that "the accused products share a significant overlap in their wireless chipsets, which are predominantly supplied by a limited number of third parties, such as Atheros Communications, Inc., Broadcom Corp., Intel Corp., and Marvell Semiconductor, Inc." (Br. 5). These differences among chipsets cut against any assertion by plaintiff that the products are "identical" for purposes of proving infringement.

construction work will not be the same for all defendants, even those facing trial on the same patent claim. The claim-construction work must be adapted to the actual issues being litigated over the varying accused devices.[3] In short, whatever common issues may exist from device to device will be overwhelmed by the individual issues of claim construction, damages, wilfulness, and discovery supervision.

Given the disparity in defendants, accused products, and other disparate issues discussed herein like damages, wilfulness, and discovery supervision, it is worth adding that the allegations against each remaining defendant would *not* be related under our civil local rules even if brought here as separate actions. *See* Civil L.R. 3-12(a)(2). If, however, the actions are re-filed in this district, the undersigned judge would be willing to coordinate certain claim construction issues (and those issues only) if the parties so stipulate, the assigned judge(s) consent, and the parties make a showing that the same phrases in the same claims require interpretation.

For the foregoing reasons, pursuant to a finding of misjoinder under FRCP 21, all remaining defendants except Hewlett-Packard Company are **DISMISSED**. The request by counsel to force any re-filings to be made in this district is **DENIED**. There is insufficient justification to do so even if authority existed to impose such a requirement. This, however, is without prejudice in the event of re-filings elsewhere to a motion to transfer the actions here.

**IT IS SO ORDERED.**

Dated: October 1, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[3] Compounding the problem is the fact that the two asserted patents contain 34 claims. While counsel for plaintiff represented at the case management conference that only "around ten" claims would actually be litigated, various combinations of these claims could nevertheless be asserted against different defendants and their accused products, thereby guaranteeing a monumental mess.

6