IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WIAV NETWORKS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD CO., <br><br> Defendant. | No. C 10-03448 WHA <br><br> **ORDER RE MOTION FOR CLARIFICATION AND FOR LEAVE TO FILE REQUEST FOR RECONSIDERATION** |

The original complaint in this action named sixty-eight defendants; all of them were dismissed for misjoinder except Hewlett-Packard Company. Following this mass exodus, plaintiff WiAV Networks, LLC moved to amend its complaint in three respects. WiAV sought to (1) include specific allegations concerning induced and contributory infringement involving HP's end-users and distributors, (2) omit references to the dismissed defendants, and (3) "add a few exemplars" of accused HP products. In light of WiaV's disclosure of patent infringement contentions, the third category of amendments would expand the complaint to cover 218 products, including not only laptop computers (which previously had been named as accused products) but also desktop computers, printers, handheld devices, and routers. HP objected to the third category of amendments on the ground that it would be unduly prejudiced by such a dramatic expansion of the scope of the action at this stage.

1    An order issued on December 17, 2010, granted WiAV's motion for leave to amend its
2 complaint, subject to several stated conditions and understandings. One of these items read:

> WiAV wasted valuable time before it pulled back the curtain by serving its infringement disclosures. Because of the resulting prejudice to HP, a condition of filing an amended complaint is that plaintiff must pay defendant $20,000 to partially reimburse HP for fees and expenses it will incur due to this wasted time. If plaintiff wishes to amend its complaint payment must be made by Noon on December 31, 2010. No Payment, no amendment.

(Dkt. No. 624 at 10–11). Another condition stated: "The old case management schedule will be replaced. This will be done in a separate order." (*ibid.* at 11). Indeed, a companion order issued the same day adopted a new case management schedule proposed by HP to further assuage the prejudice caused by WiAV's sweeping amendments.

On December 23, WiAV filed a motion for clarification of the payment condition set forth in the first December 17 order, a motion for leave to file a motion for reconsideration of both December 17 orders, and a motion for expedited treatment of these motions in light of the impending December 31 deadline for payment. An order was issued later on December 23 in response to this filing. The December 23 order extended the payment deadline to January 10, 2011 and set an expedited briefing schedule on the motions for clarification and for leave to file a motion for reconsideration, such that these motions could be resolved without a hearing before January 10.

WiAV's motion for clarification asks whether WiAV may amend its complaint to include only the two categories of "uncontested amendments" (those related to indirect infringement and dismissed defendants) without making the $20,000 payment. WiAV's proposed motion for reconsideration relates to (1) permission to make limited amendments to the complaint without payment, (2) the due date for payment, and (3) the due date for invalidity contentions specified in the new case management scheduling order.

WiAV's motion for clarification is **GRANTED** to the following extent. Because the payment condition was intended to remedy prejudice to HP caused by the third category of amendments, no payment is required if that category of amendments is not made.

2

1    If WiAV chooses to file an amended complaint including only the first two categories of
2 amendments (those related to indirect infringement and dismissed defendants), it may do so
3 without making any payment to HP.  If WiAV elects this option, the new complaint must be filed
4 by **NOON ON JANUARY 10, 2011**, and the original case management schedule will be re-instituted
5 with minor adjustments to account for the deadlines that already have passed.

6    If WiAV chooses, on the other hand, to file an amended complaint that includes the third
7 category of amendments (thereby expanding the action to include 218 products), then WiAV must
8 make the $20,000 payment to HP.  If WiAV elects this option, payment must be made and the
9 new complaint must be filed by **NOON ON JANUARY 10, 2010**.

10   In light of this order, WiAV's motion for leave to file a motion for reconsideration is
11 **DENIED AS MOOT**.

12   Ordinarily, the Court would consider requiring WiAV to pay the fees incurred by HP in
13 defending against this extended jockeying for position.  But since HP affirmatively "does not
14 oppose WiAV's request to seek clarification regarding the Court's December 17, 2010 Orders"
15 (Dkt. No. 631 at 1), and as a concession to the shortness of life, WiAV will not be required to
16 make any such additional payment.

18   **IT IS SO ORDERED.**

20 Dated: January 4, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3